**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YORK INTERNATIONAL CORP., | CASE NO. CV F 08-0480 LJO DLB |
| Plaintiff, | **ORDER TO DISMISS FOR DISOBEDIENCE OF ORDERS** |
| vs. | (Docs. 25, 27.) |
| RVD HEATING & AIR CONDITIONING, et al., | |
| Defendants. | |
| _____/ | |

**BACKGROUND**

This Court's August 21, 2008 order requires the parties, no later than September 22, 2008, "to file appropriate papers to dismiss or conclude this action in its entirety." The August 21, 2008 order admonished that: "Failure to comply with this order may be grounds for the imposition of sanctions on counsel or parties who contributed to violation of this order."

On September 5, 2008, plaintiff submitted a "Request for Dismissal" – a Judicial Council of California form used in state court. The Request for Dismissal complies with neither the August 21, 2008 order nor F.R.Civ.P. 41(a)(1)(A)(ii), which requires "a stipulation of dismissal signed by all parties who have appeared."

In the absence of proper papers to dismiss this action, this Court's September 8, 2008 order required plaintiff, no later than September 22, 2008, "to show good cause in writing why this Court should not impose monetary or other sanctions against plaintiff and/or its counsel for failure to comply with the August 21, 2008 order and F.R.Civ.P. 41(a)(1)(A)(ii)." The September 8, 2008 order to show cause stated that it will be discharged if, no later than September 22, 2008, plaintiff files appropriate papers to dismiss this action and to comply with F.R.Civ.P. 41(a)(1)(A)(ii). The September 8, 2008

1

1   order to show cause "ADMONISHES counsel that they are expected to observe and comply with the

2   Federal Rules of Civil Procedure and this Court's Local Rules."  (Uppercase in original.)

3           Plaintiff disobeyed the August 21, 2008 order and the September 8, 2008 order to show cause

4   in that plaintiff neither filed proper papers to dismiss this action in its entirety nor responded to the

5   September 8, 2008 order to show cause.

6                                           **DISCUSSION**

7                               **Failure To Comply With Orders**

8           This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with

9   these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

10  and all sanctions . . . within the inherent power of the Court." District courts have inherent power to

11  control their dockets and "in the exercise of that power, they may impose sanctions including, where

12  appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

13  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local

14  rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

15  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply

16  with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

17  1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised

18  of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

19  comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

20  of prosecution and failure to comply with local rules).

21          In determining whether to dismiss an action for failure to comply with a court order or local rules

22  or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious

23  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant;

24  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

25  alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

26  *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

27          In this case, the public's interest in expeditiously resolving this litigation and the Court's interest

28  in managing the docket weigh in favor of dismissal as plaintiff indicates a lack of interest to further

                                                   2

1   litigate this action.  The third factor --  risk of prejudice to defendant -- also weighs in favor of dismissal,

2   since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

3   *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

4   disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed

5   herein.  Finally, a court's warning to a party that its failure to obey the court's order will result in

6   dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*,

7   833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The August 21, 2008 order  admonished that:

8   "Failure to comply with this order may be grounds for the imposition of sanctions on counsel or parties

9   who contributed to violation of this order."  Plaintiff ignored the September 8, 2008 order to show cause

10  which gave plaintiff the opportunity to rectify its error to dismiss this action or indicate why it could not.

11  The September 8, 2008 order to show cause further warned of this Court's expectation that parties

12  "observe and comply with the Federal Rules of Civil Procedure and this Court's Local Rules."  Despite

13  the clear directives of the August 21, 2008 order and September 8, 2008 order to show cause, this Court

14  is puzzled why plaintiff has failed to seek proper dismissal of this action.  Plaintiff received adequate

15  warning that dismissal will result from disobedience of this Court's orders and failure to observe the

16  Federal Rules of Civil Procedure and this Court's Local Rules.  Quite simply, plaintiff has failed to

17  comply with this Court's orders or to meaningfully and intelligently respond.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.      DISMISSES this action with prejudice[1];

2.      FURTHER ADMONISHES counsel of the need to obey this Court's orders and Local
        Rules; and

3.      DIRECTS the clerk to close this action but not to enter judgment.

IT IS SO ORDERED.

**Dated:      September 23, 2008              /s/ Lawrence J. O'Neill**
                              UNITED STATES DISTRICT JUDGE

---

[1]      Although this Court entertained to impose a monetary sanction against plaintiff's counsel, this Court hopes and expects that plaintiff's counsel will obey its orders in other actions.