# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YORK INTERNATIONAL CORP., | CASE NO. CV F 08-0480 LJO DLB |
| Plaintiff, | **ORDER TO SET ASIDE INVOLUNTARY DISMISSAL** |
| vs. | (Doc. 30.) |
| RVD HEATING & AIR CONDITIONING, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff York International Corp. ("York") seeks, based on what it characterizes as "mistake and excusable neglect" arising from clerical error and attorney illness, to set aside an involuntary dismissal of this action based on York's disobedience of two Court orders to file proper papers to dismiss this action voluntarily. Defendants Rick Dabbs and Sherice Dabbs (collectively the "Dabbs") filed papers to indicate that they do not oppose York's motion to set aside dismissal.[1] This Court considered York's motion to set aside dismissal on the record and without a hearing or oral argument.  For the reasons discussed below, this Court SETS ASIDE its involuntary dismissal of this action.

---

[1] The Dabbs request this Court to "consider awarding fees" to the Dabbs as a result of York's alleged "mistake."  This Court rejects the Dabbs' request to award fees in the absence of sufficient legal support to do so.

1

## BACKGROUND

### The Parties' Settlement

York filed this action to pursue breach of contract and related claims against the Dabbs for failure to pay nearly $172,000 for the Dabbs' purchase of heating and air conditioning equipment from York. York and the Dabbs entered into an August 12, 2008 settlement agreement whereby the Dabbs agreed to pay York nearly $158,000 by $10,000 monthly installments beginning August 15, 2008. The settlement agreement empowers York upon the Dabbs' payment default to seek "an ex parte application for judgment" to enforce the settlement agreement. The settlement agreement provides the "court shall retain jurisdiction to enforce . . . this settlement agreement notwithstanding any dismissal."

### York's Disobedience Of Court Orders

In response to York's filing a notice of settlement, this Court's August 21, 2008 order required the parties, no later than September 22, 2008, "to file appropriate papers to dismiss or conclude this action in its entirety." The August 21, 2008 order admonished that: "Failure to comply with this order may be grounds for the imposition of sanctions on counsel or parties who contributed to violation of this order."

On September 5, 2008, York submitted a "Request for Dismissal" – a Judicial Council of California form used in state court. The Request for Dismissal complies with neither the August 21, 2008 order nor F.R.Civ.P. 41(a)(1)(A)(ii), which requires "a stipulation of dismissal signed by all parties who have appeared."

In the absence of proper papers to dismiss this action, this Court's September 8, 2008 order required York, no later than September 22, 2008, "to show good cause in writing why this Court should not impose monetary or other sanctions against plaintiff and/or its counsel for failure to comply with the August 21, 2008 order and F.R.Civ.P. 41(a)(1)(A)(ii)." The September 8, 2008 order to show cause stated that it will be discharged if, no later than September 22, 2008, York files appropriate papers to dismiss this action and to comply with F.R.Civ.P. 41(a)(1)(A)(ii). The September 8, 2008 order to show cause "ADMONISHES counsel that they are expected to observe and comply with the Federal Rules of Civil Procedure and this Court's Local Rules." (Uppercase in original.)

In her November 4, 2008 declaration, York's counsel Dania Alvarenga ("Ms. Alvarenga") claims

that upon seeing the September 8, 2008 order, she "immediately began the process of finalizing an appropriate stipulation for dismissal" to which defense counsel agreed to on September 19, 2008. Ms. Alvarenga declares that she instructed her secretary "to file the document with the Court and assumed that she would follow my instruction in promptly and timely filing the document."

Ms. Alvarenga declares that on September 22, 2008, she "left work early due to influenza" and did not return to work for the remainder of the week. Ms. Alvarenga further declares that upon her inquiry, she "discovered that due to inadvertence, the matter was not timely filed" and "once again instructed my secretary to file the dismissal the morning of September 24, 2008." This Court's September 24, 2008 dismissed this action with prejudice based on York's disobedience of the August 21, 2008 order and the September 8, 2008 order to show cause in that York neither filed proper papers to dismiss this action in its entirety nor responded to the September 8, 2008 order to show cause. Ms. Alvarenga claims that although her office prepared to file the stipulation to dismiss, "we received notice that this Court had already dismissed the present matter, with prejudice."

**York's Motion To Set Aside Involuntary Dismissal**

York claims that the check for the Dabbs' September 15, 2008 settlement installment was dishonored and that on October 2, 2008, the Dabbs were given notice of their breach of the settlement agreement. On November 4, 2008, York filed its papers seeking on shortened time to set aside the involuntary dismissal of this action to permit it to seek to enforce the settlement agreement in the absence of the Dabbs' settlement installments. York complied with this Court's November 5, 2008 order to submit the stipulation to dismiss which the parties had proposed to file. The proposed stipulation includes that this "Court shall retain jurisdiction to enforce the settlement agreement" and indicates that the parties' counsel signed the stipulation on November 17, 2008.

York seeks to set aside this Court's involuntary dismissal based on:

1. Clerical error to result in the absence of "an actual reminder" of the September 22, 2008 deadline to file a stipulation to dismiss; and
2. Ms. Alvarenga's illness and forgetfulness to prevent her to "double check" that the stipulation to dismiss had been filed.

///

# DISCUSSION

## Mistake Or Excusable Neglect

York seeks relief pursuant to F.R.Civ.P. 60(b)(1), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect . . .

F.R.Civ.P. 60(b) relief is not a matter of right and rests in the trial court's sound discretion. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997); *de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 14 (1st Cir. 1994); *see Carter v. United States*, 973 F.2d 1479, 1489 (9th Cir. 1992). F.R.Civ.P. 60(b) relief may be granted "only upon an adequate showing of exceptional circumstances." *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 1997); *Massengall v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *United States v. Bank of New York*, 14 F.3d 756, 757 (2nd Cir. 1994).

"Neglect" to relieve a party from a court order "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489 (1993). "Thus, at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment*, 507 U.S. at 395, 113 S.Ct. 1489. "With regard to determining whether a party's neglect of a deadline is excusable . . ., we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment*, 507 U.S. at 395, 113 S.Ct. 1489.

Factors to address excusable neglect include:

1. Danger of prejudice to the party seeking relief;
2. Length of the delay and its potential impact on judicial proceedings;
3. Reason for the delay, including whether it was within the reasonable control of the party seeking relief; and
4. Whether the party seeking relief acted in good faith.

*Pioneer Investment*, 507 U.S. at 395, 113 S.Ct. 1489.

1    York notes that Ms. Alvarenga "mistakenly and inadvertently failed to timely file the agreed
2 upon dismissal" and "due to an oversight, clerical error" and illness, failed to meet the September 22,
3 2008 deadline to file a stipulation to dismiss or response to the order to show cause.  York claims no
4 prejudice to the Dabbs if dismissal is set aside in that they agreed to this Court's enforcement of the
5 settlement.

6    As to prejudice to York, York appears claim delay to pursue enforcement of the settlement.
7 Without a set aside of the dismissal, York presumably would need to seek to enforce the settlement in
8 another forum or action.  However, York ignores that purported prejudice could have been avoided had
9 it simply complied with two of this Court's orders to file the required papers to dismiss this action and
10 retain this Court's jurisdiction.  York's papers suggest that it waited beyond the last minute to attempt
11 to file the proper stipulation to dismiss.  Morever, given the August 20, 2008 notice of settlement, York
12 had more than a month to properly dismiss this action and retain this Court's jurisdiction to enforce
13 settlement.  York fails to explain its inordinate delay for such a simple task and relies on clerical error
14 and illness arising at the September 22, 2008 deadline to attempt to shield its dilatory conduct.  York
15 was reasonably in control of the matter of filing a proper stipulation to dismiss.

16    Ms. Alvarenga's handling of the dismissal reflects carelessness and lack of knowledge of
17 pertinent federal law.  Ms. Alvarenga fails to discuss why she filed originally the inappropriate state
18 dismissal form.  This Court surmises that Ms. Alvarenga is a relatively new lawyer who neither sought
19 assistance from, nor was adequately supervised by, a lawyer with federal court experience.  Although
20 such conduct is not in bad faith, it reflects ignorance, perhaps blatant, of basic federal court procedure
21 and a lack competence of which this Court expects of law firms which frequently appear in this Court.
22 As such, based on equitable considerations and expectations that Ms. Alvarenga and her firm will obey
23 with this Court's orders and governing rules, this Court sets aside its involuntary dismissal.

24                                **CONCLUSION AND ORDER**

25    For the reasons discussed above, this Court SETS ASIDE its September 24, 2008 involuntary
26 dismissal of this action and ORDERS York, no later than December 10, 2008, to file and serve papers
27 to enforce its settlement with the Dabbs or to explain why it will not do so.

28    The clerk is directed to serve a copy of this order on Rick Dabbs and Sherice Dabbs, 401 W.

1  Olive #2, Madera, CA 93637.

2          IT IS SO ORDERED.

3  **Dated:     November 25, 2008**                    **/s/ Lawrence J. O'Neill**
                                                       UNITED STATES DISTRICT JUDGE