# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YORK INTERNATIONAL CORP., | CASE NO. CV F 08-0480 LJO DLB |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION TO ENTER JUDGMENT AND JUDGMENT** |
| vs. | (Doc. 42.) |
| RVD HEATING & AIR CONDITIONING, et al., | |
| Defendants. / | |

## INTRODUCTION

Plaintiff York International Corp. ("York") seeks a $147,756.52 judgment against defendants Rick Dabbs and Sherice Dabbs (collectively the "Dabbs") based on breach of the parties' settlement agreement. The Dabbs filed a notice of non-opposition to York's motion for judgment. This Court considered York's motion for judgment on the record and VACATES the January 14, 2009 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court ENTERS a $147,756.52 judgment in favor of York and against the Dabbs.

## BACKGROUND

York filed this action to pursue breach of contract and related claims arising from the Dabbs' failure to pay nearly $172,000 for their purchase of heating and air conditioning equipment from York. York and the Dabbs entered into an August 12, 2008 settlement agreement ("settlement agreement") whereby the Dabbs agreed to pay York $157,881.27 by $10,000 monthly installments beginning August 15, 2008. The Dabbs made an initial $10,124.75 payment but submitted a September 15, 2008 check which was dishonored by the bank. The Dabbs have attempted no further payments.

The settlement agreement provides that if the Dabbs fail to cure a default after five days written notice, York may:

> Declare a default and seek an ex parte application for judgment pursuant to the provisions of Rule 55(b) of the Federal Rules of Civil Procedure and California Code of Civil Procedure § 664.6 . . . . In such an event, judgment shall be immediately entered for the full amount . . ., including interest at the rate of eight percent (8%) and attorneys' fees reasonably incurred to enforce this agreement from the date of said default hereunder, less any sum received by YORK from DABBS pursuant to the terms of this agreement.

York notes that it provided the Dabbs written notice of their default, as required by the settlement agreement, and that the Dabbs will no longer make payments due to their "financial crisis."

The settlement agreement also provides that this Court retains "jurisdiction to enforce the terms of this settlement."

**DISCUSSION**

York seeks to enforce the settlement agreement and in turn a $147,756.52 judgment pursuant to this Court's inherent power and California and federal law.

If a dismissal is not final, a district court has continuing jurisdiction to enforce, modify or vacate the settlement agreement. *Consolidation Coal Co. v. United States Dept. Of Interior*, 43 F.Supp.2d 857, 863 (S.D. Oh. 1999). Where an action is still pending or the federal court otherwise has jurisdiction, a party may seek to enforce a settlement agreement. 3 Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2008) Pretrial Conferences and Settlement Procedures, para. 15:147, p. 15-62. Generally, "courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza,* 573 F.2d 1075, 1078 (9th Cir. 1978); *see TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (a district court has inherent power to enforce a settlement agreement of litigation before it). Such power includes authority to entitle the nonbreaching party to specific performance. *TNT Marketing*, 796 F.2d at 278; *Hobbs & Co. v. American Investors Management, Inc.*, 576 F.2d 29, 33 & n. 7 (3rd Cir. 1978); *Village of Katovik v. Watt*, 689 F.2d 222, 230 (D.C. Cir. 1982).

This Court has set aside dismissal of this action to specifically retain jurisdiction to enforce the settlement agreement under its inherent and further authority.

In most cases, disputes concerning a settlement agreement are governed by applicable state

2

contract law, whether the underlying claim is state or federal.  3 Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2008) Pretrial Conferences and Settlement Procedures, para. 15:143, p. 15-61 (citing *Dillard v. Starcon Intern., Inc.*, 483 F.3d 502, 507 (7th Cir. 2007) (enforceability of settlement of federal claim is governed by state law)).

California Code of Civil Procedure section 664.6 ("section 664.6") provides:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court . . . , for settlement of the case . . ., the court, upon motion, may enter judgment pursuant to terms of the settlement.

York argues that it satisfies all section 664.6 requirements based on the settlement agreement, the Dabbs' default under it, and York's right to judgment on default after written notice to the Dabbs.

York further seeks to enforce the settlement agreement pursuant to F.R.Civ.P. 55 which permits entry of default against a party of fails who "defend" and resulting judgment.  F.R.Civ.P. 55(a), (b)(2). York equates the Dabbs' default and failure to cure it as a failure to defend this action to entitle York to judgment.

Satisfactory authority exists to enforce the settlement agreement and to enter judgment against the Dabbs, who offer no opposition.  In the absence of a dispute over the settlement agreement or the requested judgment, entry of judgment is proper.

**ORDER AND JUDGMENT**

For the reasons discussed above, this Court:

1. GRANTS York's motion to enter judgment against the Dabbs;
2. ENTERS judgment in favor of plaintiff York International Corporation and against defendants Rick Dabbs and Sherice Dabbs, individually and dba RVD Heating and Air, in the principal amount of $147,756.52, with interest accruing at the rate of eight percent per annum, or $34.60 per day, from September 15, 2008 to the date of entry of this judgment; and
3. DIRECTS the clerk to administratively close this action.

IT IS SO ORDERED.

**Dated:   January 5, 2009**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE